IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

KEITH ISAGAWA and JESSICA )     CV. NO. 10-00508 DAE-BMK
ISAGAWA, as individuals, )
)
      Plaintiffs, )
)
  vs. )
)
HOMESTREET BANK; FIDELITY )
NATIONAL TITLE; AND DOES )
1–100 inclusive, )
)
      Defendants. )
_____ )

ORDER: (1) GRANTING DEFENDANT HOMESTREET BANK'S MOTION TO
DISMISS COMPLAINT; (2) DISMISSING THE COMPLAINT WITHOUT
PREJUDICE AS AGAINST ALL DEFENDANTS; AND
(3) DENYING AS MOOT DEFENDANT FIDELITY'S MOTION FOR
<u>JUDGMENT ON THE PLEADINGS</u>

On January 24, 2011, the Court was scheduled to hear Defendant

HomeStreet Bank's Motion to Dismiss Complaint. Plaintiffs Keith Isagawa and

Jessica Isagawa ("Plaintiffs"), pro se, failed to appear at the hearing on behalf of

themselves[1]; Sean Smith, Esq., appeared at the hearing on behalf of Defendant

HomeStreet Bank; William K. Tanaka, Esq., appeared at the hearing on behalf of

---

[1]Three calls were made in the hallway for Plaintiffs with no response. The
Court acknowledges that Plaintiffs faxed in a request to appear at the hearing by
phone. Given that Plaintiffs instituted this action in federal court, and upon a
failure to show good cause, the request was denied.

Fidelity National Title Insurance. Because Plaintiffs did not appear at the hearing,

pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition

without a hearing. After reviewing the supporting and opposing memoranda, the

Court GRANTS Defendant HomeStreet Bank's Motion to Dismiss Complaint.

(Doc. # 10.) The Complaint is DISMISSED as against all Defendants.

Additionally, Defendant Fidelity's Motion for Judgment on the Pleadings is

DENIED AS MOOT. (Doc. # 18.)

## BACKGROUND

On September 1, 2010, Plaintiffs Keith Isagawa and Jessica Isagawa

("Plaintiffs") filed a Complaint against Defendants HomeStreet Bank

("HomeStreet"), Fidelity National Title Insurance Company and Fidelity National

Title & Escrow of Hawaii, Inc. ("Fidelity"), and Does 1–100, (collectively,

"Defendants") alleging that Plaintiffs had been lured into a predatory mortgage

loan.[2] ("Compl.," Doc # 1.) Specifically, Plaintiffs' Complaint alleges Counts:

(Count I) Declaratory Relief (Compl. ¶¶ 39–43); (Count II) Injunctive Relief (id.

¶¶ 44–47); (Count III) Contractual Breach of Implied Covenant of Good Faith and

Fair Dealing (id. ¶¶ 48–54); (Count IV) Violation of TILA, 15 U.S.C. § 1601, et.

_____

[2] Plaintiffs presumably filed the Complaint in this Court on the basis of
diversity jurisdiction pursuant to 28 U.S.C. § 1332, although Plaintiffs do not
provide as much in their Complaint.

seq. (id. ¶¶ 55–64); (Count V) Violation of Real Estate Settlement and Procedures Act ("RESPA") (id. ¶¶ 65–71); (Count VI) Rescission (id. ¶¶ 72–76); (Count VII) Unfair and Deceptive Business Act Practices ("UDAP") (id. ¶¶ 77–83); (Count VIII) Breach of Fiduciary Duty (id. ¶¶ 84–88); (Count IX) Unconscionability – UCC-2-3202[3] (id. ¶¶ 89–92); (Count X) Predatory Lending (id. ¶¶ 93–107); and (Count XI) Quiet Title (id. ¶¶ 108– 111).

Plaintiffs reside in the State of Hawaii.  (Id. ¶ 1.)  Plaintiffs entered into a loan repayment and security agreement on or about January 15, 2009.  (Id. ¶ 3.)  Plaintiffs executed a note with HomeStreet in the principal amount of $348,750.00, recorded on January 27, 2009 in the Bureau of Conveyances. (Motion to Dismiss Complaint, "Mot.," Doc. # 10 at 1.)  The real property at issue in this loan transaction is located at 360 Onehee Avenue, Kahului, HI 96732, County of Maui (the "Subject Property").  (Compl. ¶ 2.)

Plaintiffs allege that Defendants "intentionally concealed the negative implications of the loan they were offering," putting Plaintiffs in a position of potentially "losing their home to the very entity and entities who placed them in this position."  (Id. ¶ 16.)  Plaintiffs also contend that Defendants "hold an interest

---

[3]The Court assumes Plaintiffs actually means Uniform Commercial Code § 2-302 – Unconscionable Contract or Clause.

in a loan that was improperly handled from its inception," and used "acts of deception violat[ing] several statutes and in essence creat[ing] an illegal loan." (Id. ¶¶ 18, 23.) In addition, Plaintiffs assert that HomeStreet "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiffs for a loan which [they] knew or should have known that Plaintiffs could not qualify for or afford . . . ." (Id. ¶ 24.)

On September 28, 2010, Defendant HomeStreet filed a Motion to Dismiss ("Motion") for failure to state a claim upon which relief can be granted. ("Mot.," Doc. # 10.) On November 17, 2010, Defendant Fidelity filed a Statement of No Position on Defendant HomeStreet's Motion. (Doc. # 14.) No Opposition has been filed by Plaintiffs. On December 29, 2010, Defendant Fidelity filed a Motion for Judgment on the Pleadings, alleging that Plaintiffs' Complaint should be dismissed for nearly identical reasons as Defendant HomeStreet's Motion.[4] (Doc. # 18.)

---

[4]Given that HomeStreet's Motion to Dismiss and Fidelity's Motion for Judgment on the Pleadings seek the same relief, the Court from here on forward refers to HomeStreet's Motion to Dismiss as "Defendants' Motion" or "Defendants' Motion to Dismiss".

<u>STANDARD OF REVIEW</u>

I.    <u>Federal Rule of Civil Procedure 12(b)(6)</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. <u>See</u> <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. <u>See</u> <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. <u>See</u> <u>id.</u> at 556–57; <u>see also</u> <u>McGlinchy v. Shell Chem. Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

      A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. <u>See</u> <u>Twombly</u>, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. <u>Id.</u> at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." <u>Id.</u> at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.    <u>Federal Rule of Civil Procedure 9(b)</u>

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances <u>constituting</u> fraud."  <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), <u>superseded on other grounds by</u> 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  <u>Id.</u> at 1548 (quoting <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th Cir. 2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).

7

However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## DISCUSSION

For the reasons set forth below, the Court concludes that Defendants' Motion to Dismiss should be granted. The Complaint is dismissed without prejudice as against all Defendants.

I.      Counts I and II: Declaratory Relief and Injunctive Relief

        Count I of the Complaint asserts a claim for declaratory relief to
prevent Defendants from foreclosing on the Subject Property, because Defendants'
interest in the Subject Property has allegedly been rendered void due to violations
of law. (Compl. ¶¶ 39–43.)  Count II of the Complaint seeks an injunction
preventing HomeStreet from proceeding with its foreclosure action and Plaintiffs
argue that "injunctive relief . . . is necessary and appropriate at this time to prevent
irreparable loss to Plaintiffs."  (Id. ¶¶ 44–47.)

        Plaintiffs' requests in Count I and II fail to satisfy the minimum
pleading requirements of Rules 8 and 9(b).  Count I alleges that "Defendants did
not properly comply with proper delivery procedures under RESPA," and that
"Defendants [sic] actions in the processing, handling and attempted foreclosure of
this loan has [sic] contained numerous violations of State and Federal laws . . . ."
(Id. ¶¶ 40–41.)  Count II contends that "Plaintiffs has [sic] suffered and will
continue to suffer in the future unless Defendants' wrongful conduct is restrained
and enjoined . . . ."  (Id. ¶¶ 47.)  Here, Plaintiffs fail to allege any facts and solely
provide legal conclusions regarding Defendants' purported wrongful conduct and
violations of State and Federal laws.  Such legal conclusions are not entitled to an
assumption of truth when ruling on a motion to dismiss.  See Iqbal, 129 S. Ct. at

1949.  As such, Plaintiffs' conclusory allegations are insufficient to state a claim for relief.

Additionally, Plaintiffs contend, in Count I, that "the Defendants perpetrated a fraudulent loan transaction."  (Compl.  ¶¶ 40.)  To the extent that Plaintiffs bring allegations of fraud against Defendants, Plaintiffs have failed to satisfy the heightened fraud pleading standard under Rule 9(b).  The Court discusses this at length in Section X of the instant Order below.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiffs' claims for declaratory and injunctive relief.

II.     Count III: Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

Count III of the Complaint alleges that Defendants "willfully breached their implied covenant of good faith and fair dealing," by withholding numerous disclosures; withholding notices with regards to excessive fees and closing costs, below standard and non-diligent underwriting standards, good faith estimates, yield spread premiums, disclosures of additional income due to interest rate increases, failure to disclose when negative credit scores were disseminated, failure to provide disclosures of business affiliations, kickback fees and

rescission/right to cancel disclosures; and willfully placing Plaintiffs in a loan that they did not qualify for and could not afford.  (Compl. ¶ 52.)

In Hawaii, commercial contracts are subject to a statutory duty to perform in good faith.  Haw. Rev. Stat. § 490:1-304.  Further, Hawaii law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement."  Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 337–38 (Haw. 1996) (citations omitted).

Here, Plaintiffs fail to allege any specific facts and solely provide legal conclusions regarding Defendants' purported violation of the implied covenant of good faith and fair dealing.  While Plaintiffs provide a laundry list of disclosures and notices allegedly withheld by Defendants, they fail to state how Defendants' actions constitute a breach of the implied covenant of good faith and fair dealing.  Moreover, Plaintiffs fail to show that any of the allegedly withheld notices were required under statute or any other law.  Simply making such conclusory allegations is insufficient to properly plead this claim.  Thus, Plaintiffs' legal conclusions are entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

III.    Count IV: Violation of TILA, 15 U.S.C. § 1601, et. seq.

       Count IV of the Complaint alleges that Defendants violated the Truth in Lending Act ("TILA") by failing to provide Plaintiffs with all of the required disclosures.  (Compl. ¶¶ 55–64.)  Plaintiffs assert rescission and civil liability for the purported TILA violations.  Defendants contend that  Plaintiffs' TILA claim for rescission has not been sufficiently pled, and that Plaintiffs' TILA claim for damages is barred by the statute of limitations and that equitable tolling does not apply.  (Mot. at 9–15.)  The Court will address these arguments separately.

       A.    Rescission Under 15 U.S.C. § 1635

       Section 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty.  15 U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security.  15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986).  A borrower's right to rescind extends for three

years if a lender fails to disclose the right to rescind or fails to make any other "material disclosure."  12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1605(u) (indicating that the material disclosures include the annual percentage rate, the finance charge, the amount financed, the total of payments, and the payment schedule).

Here, Plaintiffs consummated the loan on January 15, 2009 and initiated this action on September 28, 2010.  Plaintiffs' request for rescission is therefore time-barred unless they can demonstrate that the extended three-year limitations period applies.  Count IV of Plaintiffs' Complaint, which sets forth the alleged TILA violations, represents that Defendants failed to provide: (1) a correct payment schedule; (2) a properly disclosed interest rate; (3) a notice of the right to cancel; (4) an accurate Good Faith Estimate; (5) a disclosure relating to property/hazard insurance; and (6) a "CHARM booklet within three days of Plaintiffs' application pursuant to 12 C.F.R. § 19(b)."  (Compl. ¶¶ 58, 60.)

These allegations are insufficient to show that Plaintiffs are entitled to the extended three-year limitations period for their TILA rescission claim.  First, Defendants correctly argue that "good faith estimates and 'CHARM booklets' are not among the 'material disclosures' referenced in 12 C.F.R. § 226.23 n. 48 . . . ." (Mot. at 14.)   Section 226.23 of Regulation Z lays out the right of rescission under TILA.  Specifically, the statute states that, [i]f the required notice or material

disclosures are not delivered, the right to rescind shall expire three years after consummation," with "material disclosures" defined in footnote 48 as, "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)."  12 C.F.R. § 226.23.  Thus, Defendants' alleged failure to provide Plaintiffs with good faith estimates or CHARM booklets would not trigger an extension of the three-day rescission period under TILA.

Additionally, Defendants contend that the remaining disclosures that they allegedly did not provide to Plaintiffs were actually provided to Plaintiffs in a Notice of Right to Cancel, and a Truth in Lending Disclosure Statement.  (Mot. at 15.)  Specifically, Defendants argue that, (1) a correct payment schedule, (2) a properly disclosed interest rate, (3) a notice of the right to cancel, and (4) a disclosure relating to property/hazard insurance were in fact provided to Plaintiffs.  (Id.)  The Notice of Right to Cancel and the Truth in Lending Disclosure Statement are provided to the Court in Exhibits C and D of Defendants' Motion.  (See Mot. at Exs. C and D.)  Here, the Court takes judicial notice of the Notice of Right to Cancel and the Truth in Lending Disclosure statement and as such, agrees with

Defendants that the relevant disclosures are contained within those documents.[5]

Thus, the Court cannot conclude that Plaintiffs are entitled to the extended three-year limitations period for their TILA rescission claim.

Plaintiffs also suggest that the disclosures made by Defendants were "false" or "incomplete." (Compl. ¶ 74.) These allegations, lacking any degree of specificity, are insufficient to put Defendants on notice of the disclosures that allegedly were not provided. Additionally, the Complaint leaves completely unanswered (1) how each Defendant is related to the mortgage agreement and/or note and the servicing of them; (2) which Defendants allegedly committed the alleged wrongs; and (3) when these wrongs were committed. In the absence of

---

[5]When a defendant attaches exhibits to a motion to dismiss, the court ordinarily must convert the motion into a summary judgment motion so that the plaintiff has an opportunity to respond. Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998). However, a court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). In the instant case, Plaintiffs' Complaint relies on these notices and disclosures, or the lack thereof, and has not questioned their authenticity. Accordingly, the Court takes judicial notice of the documents in making its determinations on the instant Motion.

this information, the Court cannot conclude that Plaintiffs are entitled to the extended three-year limitations period for their TILA rescission claim.[6]

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' TILA rescission claim.

B.     Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, Plaintiffs entered into the loan transaction on January 15, 2009, and initiated the present lawsuit on September 01, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiffs' claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

_____

[6]Defendants also contend that Plaintiffs cannot rescind the loan because Plaintiffs have not alleged that they are willing and able to tender the borrowed funds back to the lender.  (Mot. at 15–16.)  The Court need not reach this argument because of its determination that Plaintiffs have failed to state a claim for TILA rescission.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))). In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the

violation); <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiffs allege that Defendants violated TILA by failing to provide them with all of the required disclosures. (Compl. ¶¶ 55–64.) As in <u>Meyer</u> and <u>Hubbard,</u> Plaintiffs fail to allege any facts to demonstrate that equitable tolling applies. Their assertion that Defendants "fail[ed] to effectively provide the required disclosures and notices," (<u>id.</u> ¶ 59) is conclusory and does not justify application of equitable tolling. Plaintiffs offer no explanation as to why they were unable to discover the TILA violations within the one-year statutory period. Plaintiffs' conclusory allegations without more are insufficient for them to invoke the doctrine of equitable tolling.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiffs' TILA damages claim.

IV.    <u>Count V: Real Estate Settlement Procedures Act Violations</u>

Count V of the Complaint alleges that Defendants violated RESPA by "[giving], provid[ing], or receiv[ing] a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees,

and/or yield spread premiums . . . ," and "charg[ing] fees in excess of the reasonable value of goods provided and/or services rendered."  (Compl. ¶ 69–70.) Defendants assert that Plaintiffs' claims are barred by the statute of limitations and that equitable tolling does not apply.  (Mot. 16–17.)

RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).

Plaintiffs fail to cite any specific provision of RESPA that was violated by Defendants, which is grounds for dismissal of the claim, alone.  See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009).[7]  Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Defendants, nor the Court, are required to speculate as to which provisions Plaintiffs are suing under or how

---

[7]Although the Court does not cite to other district courts as precedent, it notes that the cases cited here have also visited a similar issue.

Defendants violated such provisions.  Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.

While Plaintiffs fails to specify under which section of the statute their alleged RESPA claim arises, it appears that they are alleging a violation of 12 U.S.C. § 2607, which relates to kickbacks and unearned fees.  (See Compl. ¶ 69.) Because Plaintiffs' alleged RESPA claim arose out of the loan origination, which occurred more than one year before Plaintiffs filed the instant action, their claim is barred by the statute of limitations.  As discussed above, Plaintiffs are not entitled to equitable tolling because they have failed to allege specific facts showing why they could not bring suit within the limitations period.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to the RESPA claims.

V.    Count VI: Rescission

Count VI of the Complaint alleges that Plaintiffs are entitled to rescind their loan under violations of TILA, RESPA, fraudulent concealment, Deceptive Acts and Practices (UDAP), and under public policy grounds.  However, rescission is a remedy and not an independent cause of action, thus there

must be grounds on which to support an award of rescission.  See Bischoff v.

Cook, 185 P. 3d 902, 911 (Haw. App. 2008).

       For the reasons stated above in the Court's analysis of Plaintiffs'

TILA claim, Plaintiffs are not entitled to rescission under TILA.  Plaintiffs' claim

for rescission under RESPA fails as well, because rescission is not a form of relief

offered by the statute.  See 12 U.S.C. § 2601–2617.  Additionally, as stated above,

Plaintiffs' claim for RESPA fails, thus any derivative claim fails as well.

Plaintiffs' third and fourth bases for rescission, fraudulent concealment and UDAP,

fail for the reasons discussed below in Sections X and VI, respectively.  Finally,

Plaintiffs' claim for rescission on "public policy grounds" is wholly unsupported,

simply a legal conclusion, and entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

       Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to Plaintiffs' claim for rescission of the loan.

VI.    Count VII: Unfair and Deceptive Trade Practices Act ("UDAP") Violations

       Count VII of the Complaint alleges that Defendants "violated the

Unfair and Deceptive Acts and Practices by consummating an unlawful, unfair, and

fraudulent business practice, designed to deprive Plaintiffs of her [sic] home,

equity, as well as her [sic] past and future investment."  (Compl. ¶ 82.)  Again,

Plaintiffs fail to cite any specific provision of the statute that was violated by Defendants, which, as stated above, is grounds for dismissal of the claim.

While Plaintiffs fail to cite to any specific statute, Hawaii Revised Statute section 480-2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Haw. Rev. Stat. § 480-2(a). "Two distinct causes of action have emerged under [section] 480-2(a): (1) claims alleging unfair methods of competition; and (2) claims alleging unfair or deceptive acts or practices."[8] Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1207 (Haw. 2006); see also Star Markets, Ltd. v. Texaco, Inc., 945 F. Supp. 1344, 1346 (D. Haw. 1996).

Section 480-13 provides a private right of action for violations of section 480-2.[9] Haw. Rev. Stat. § 480-13. To maintain this cause of action, the

_____

[8] Although "[a]ny person" may bring an action for unfair methods of competition in violation of section 480-2, only consumers, the attorney general, or the director of the office of consumer protection may bring an action for unfair or deceptive acts or practices in violation of section 480-2. Haw. Rev. Stat. § 480-2(d), (e); see also Davis v. Four Seasons Hotel, Ltd., 228 P.3d 303, 307 (Haw. 2010). A "consumer" is a "natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." Haw. Rev. Stat. § 480-1.

[9] Specifically, section 480-13(a) provides a cause of action for "any person who is injured in the person's business or property by reason of anything forbidden or declared unlawful by this chapter," and section 480-13(b) provides a cause of

plaintiff must demonstrate: (1) a violation of section 480-2; (2) injury to the consumer caused by such a violation;[10] and (3) proof of the amount of damages. Davis v. Wholesale Motors, Inc., 949 P.2d 1026, 1038 (Haw. App. 1997) (citations omitted).

Plaintiffs' UDAP claim consists entirely of conclusory allegations, which are insufficient to survive a motion to dismiss. Plaintiffs merely provide that "Defendants failed to undergo a diligent underwriting process . . . failed to properly adjust and disclose facts and circumstances relating to Plaintiffs' mortgage loan and place Plaintiffs in a loan . . . which they should never have been approved for." (Compl. ¶ 78.) Plaintiffs further allege that "Defendants used various rates and charges to disguise the actual payment schedule and loan amount . . . enjoyed unjust enrichment and have profited and deceptively preyed upon Plaintiffs," and "intentionally concealed business affiliates and rushed the closing" of the loan. (Id. ¶ 79, 81.) Plaintiffs fail to specify what "facts or

_____

action for "[a]ny consumer who is injured by any unfair or deceptive act or practice" in violation of section 480-2. Haw. Rev. Stat. § 480-13(a), (b). The plaintiff may sue for both injunctive relief and damages under sections 480-13(a) and (b). Id.

[10] In an unfair method of competition claim, the second element is injury to the plaintiff's business or property resulting from the section 480-2 violation. Haw. Med. Ass'n, 148 P.3d at 1216.

circumstances," or "rates and charges" they are referring to.  They fail to specify

any "concealed business affiliates" or how the closing of the loan was rushed.  In

sum, Plaintiffs utterly fail to elaborate on the basis of these claims or provide any

level of factual detail as to Plaintiffs' UDAP claim.

Because Plaintiffs' Complaint fails to provide any facts as to

Defendants' purported unfair or deceptive acts or practices and unfair methods of

competition, it fails to state a claim for a UDAP violation.  See Iqbal, 129 S. Ct. at

1949 ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.").

Accordingly, the Court GRANTS the Motion to Dismiss as to

Plaintiffs' UDAP claim.

VII.    Count VIII: Breach of Fiduciary Duty

Count VIII of the Complaint states that "Defendant owed a fiduciary

duty to Plaintiffs and breached that duty by [f]ailing to advise or notify

Plaintiffs . . . that Plaintiffs would or had a likelihood of defaulting on the

loan . . . ."  (Compl. ¶ 85.)  Defendants argue that they owed Plaintiffs no fiduciary

duty, and as such, the instant Count should be dismissed.  (Mot. at 22–23.)

Defendants are correct in asserting that there traditionally exists no fiduciary duty

between borrowers and lenders.  Unless a special relationship exists between a

borrower and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies.  Giles v. General Motors Acceptance Corp., 494 F.3d 865, 883 (9th Cir. 2007); see also Pension Trust Fund for Operation Engineers v. Federal Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002).

In the instant Complaint, Plaintiffs make no allegations suggesting that their relationship to Defendants is anything other than an ordinary, arms-length, lender-borrower relationship.  Simply stating that "[d]efendants owed a fiduciary duty to Plaintiffs and breached that duty" is insufficient to establish the existence of a fiduciary duty.  Thus, Plaintiffs' allegations in Count VIII are wholly conclusory and unsupported.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiffs' claim for breach of fiduciary duty.

VIII.  Count IX: Unconscionability

In Count IX of the Complaint, Plaintiffs bring a claim for unconscionability alleging that, "based on the deception, unfair bargaining position, lack of adherence to the [law] . . . the court may find that the loan agreement and trust deed are unconscionable."  (Compl. ¶ 89.)  According to the

Hawaii Supreme Court, unconscionability is a cause of action[11] asserted to prevent the enforcement of a contract where, "the <u>clauses</u> are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ." (emphasis added) <u>Lewis v. Lewis</u>, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted).

Here, Plaintiffs' allegations fail to address any contract terms between Plaintiffs and Defendants, and instead, address Defendants' alleged conduct generally. These allegations do not speak to any unconscionable terms in the contract, nor are they limited to behavior that affected the circumstances under which the contract was made. For this reason, Plaintiffs' contentions in Count IX fail to state a claim for unconscionability.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiffs' claims for unconscionability.

---

[11]Defendants argue in their Motion that unconscionability is not an affirmative claim for relief. (Mot. at 15.) While Defendants correctly cite to courts that have found unconscionability to be a defense and not an affirmative claim, <u>see e.g.</u> <u>Gaitan v. Mortgage Elec. Registration Sys.</u>, 2009 WL 3244729, at * 13 (C.D. Cal. Oct. 5, 2009), the Hawaii Supreme Court has addressed unconscionability as a separate cause of action on at least one occasion. <u>See</u> <u>Thompson v. AIG Haw. Ins. Co.</u>, 142 P.3d 277 (2006).

IX.    Count X: Predatory Lending

Count X of the Complaint contends that Defendants engaged in predatory lending practices by: including excessive closing fees and costs, offering a loan at one rate and then changing the loan program at the last moment, not prominently disclosing the good faith estimate of closing costs, not advising Plaintiffs of business affiliations, requiring Plaintiffs to pay rates and fees that were not justified by the marketplace, marketing the loan in a way that did not disclose its material terms, basing the loan on a loan application that is inappropriate for the borrower, and underwriting the loan without due diligence.  (Compl. ¶¶ 94–102.)

Despite Plaintiffs' laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiffs are bringing this claim under. Plaintiffs fail to cite any relevant statute or law under which Defendants' alleged behavior is prohibited.  Aside from citing to the Office of Comptroller of Currency's definition of predatory lending, Plaintiffs fail to identify any Hawaii or federal law creating a cause of action for predatory lending.  (Compl. ¶ 91.)  As stated above, Defendants, nor the Court, are required to speculate as to what law Plaintiffs are suing under or how Defendants violated such law.  Vague allegations containing mere labels and conclusions are insufficient to survive a motion to

dismiss. See Twombly, 550 U.S. at 555. As such, Plaintiffs' claim for predatory lending fails.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiffs' claim for predatory lending.

X.      Count XI: Quiet Title

In Count XI of Plaintiffs' Complaint, Plaintiffs seek to quiet title in the Subject Property via a declaration from the Court that "the title to the Subject Property is vested in Plaintiffs alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property . . . ." (Compl. ¶ 106.) Under Hawaii Law, an action to quiet title "may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim. Haw. Rev. Stat. § 669-1(a).

Plaintiffs state that "Defendants, and each of them, claim an interest in the Subject Property," and that "said Defendants have no legal or equitable right, claim, or interest in the Property." (Compl. ¶ 105.) However, this is merely a formulaic recitation of an element of the claim. Plaintiffs fail to plead any facts suggesting what interests are being claimed by Defendants and the nature of those interests. Throughout the Complaint, Plaintiffs make blanket statements about

Defendants without recognizing that Defendants constitute multiple entities.  As

such, the Court is unable to determine what rights and interests in the Subject

Property each defendant is claiming, thus Plaintiffs' claim to quiet title fails.[12]

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to Plaintiffs' claim to quiet title.

XI.     Fraud

Throughout Plaintiffs' Complaint, they makes various allegations

suggesting fraudulent conduct on the part of Defendants.  (See e.g. Compl. ¶¶ 40,

54, 64, 73, 82, 85, 96, 104.)  These allegations are insufficient to meet Plaintiffs'

burden under Rule 8, much less the more rigorous requirements of Rule 9 that

apply to allegations of fraud or mistake.  See Fed. R. Civ. P. 9(b) (requiring a party

to state with particularity the circumstances constituting fraud or mistake).

Plaintiffs fail to plead the time and place of any alleged fraud and they also do not

specify what role each defendant played in the alleged misconduct.  Furthermore,

Plaintiffs' statements that "Defendants perpetrated a fraudulent loan transaction"

(Compl. ¶ 40), that Defendants' actions were fraudulent and malicious (Compl.

_____

[12] Defendants argue, amongst other things, that Plaintiffs "have not alleged
that they are able to tender the entire amount of her indebtedness."  (Mot. at 27.)
The Court need not reach this argument because of its determination that Plaintiffs
have failed to state a claim to quiet title.

¶¶ 54, 64), and that Defendants partook in fraudulent concealment (Compl. ¶ 73), are legal conclusions entitled to no weight.  See <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to any claims made by Plaintiffs regarding fraud.

XII.    <u>Leave to Amend</u>

The Court recognizes that it may be possible for Plaintiffs to state a claim if provided the opportunity to amend their Complaint.  Accordingly, the Complaint is DISMISSED as against all Defendants in this action with leave to amend no later than 30 days from the filing of this Order, except for Plaintiffs' TILA claim under 15 U.S.C. § 1640 and RESPA claim under 12 U.S.C. § 2607 which are barred as a matter of law by the statute of limitations.  Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.  Additionally, Defendant Fidelity's Motion for Judgment on the Pleadings is DENIED AS MOOT because the Court dismisses Plaintiffs' Complaint without prejudice and with leave to amend, as against all Defendants.

Plaintiffs are advised that the amended complaint must clearly state how each of the named defendants have injured them, and it must also clearly identify the statutory provisions under which Plaintiffs' claims are brought.  If Plaintiffs choose to file an amended complaint, they <u>must</u> (1) follow the directions

in this Order; and (2) be ready, willing, and able to pursue their claims, which includes attending hearings and conferences in person unless there is a legitimate excuse.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendant HomeStreet's Motion to Dismiss Complaint.  (Doc. # 10.)  The Complaint is DISMISSED as against all Defendants.  Additionally, Defendant Fidelity's Motion for Judgment on the Pleadings is DENIED AS MOOT.  (Doc. # 18.)

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 25, 2011.



_____
David Alan Ezra
United States District Judge

Isagawa v. HomeStreet Bank et al., Cv. No. 10-00508 DAE-BMK; ORDER: (1) GRANTING DEFENDANT HOMESTREET BANK'S MOTION TO DISMISS COMPLAINT; (2) DISMISSING THE COMPLAINT WITHOUT PREJUDICE AS AGAINST ALL DEFENDANTS; AND (3) DENYING AS MOOT DEFENDANT FIDELITY'S MOTION FOR JUDGMENT ON THE PLEADINGS